MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CARLOS HERNANDEZ and )
ANGELA HERNANDEZ )
)
    Plaintiffs, )
) No.
vs. )
)
PRIMARY FINANCIAL SERVICES, )
L.L.C., a foreign corporation, )
)
    Defendant. )
) JURY DEMANDED

COMPLAINT

JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiffs' claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3. In 2007, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiffs.

4. As a result of these and other violations of law, Plaintiffs seek hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5. Plaintiffs, Carlos Hernandez and Angela Hernandez, are natural persons who reside in Pahrump, Nevada, and are "consumers" as defined by 15 U.S.C. Section 1692a(3) and allegedly owe a "debt" as defined by 15 U.S.C. Section 1692a(5).

6. Defendant, Primary Financial Services, Inc., is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Phoenix, Arizona, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiffs(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8. Angela Hernandez is not on the account underlying this action.

9. Only Carlos Hernandez is a signatory.

10. The account was incurred prior to Angela's marriage to Carlos.

11. On approximately December 19, 2007, Defendant's collector, Marcos, called Plaintiff.

12. Marcos was at first genial and spoke to Plaintiff in his native Spanish.

13. Marcos demanded additional payment on Plaintiff's account.

14. Plaintiff ended the call advising he'd first have to speak with his wife, Angela.

15. On approximately December 20, 2007, Defendant left serial messages on Angela's phone.

16. Marcos then called Plaintiff and transferred him to Tom.

17. Tom spoke down to Plaintiff advising he would continue to call Angela absent Plaintiff making renewed payments.

18. Plaintiff instructed Tom not to call Angela, that he was the one responsible.

19. Tom neatly responded that he would call Angela as much as he'd like as Plaintiff was "not man enough to handle his bills!"

20. Tom's abusive comments were made in violation of FDCPA §§ 1692c, 1692d and 1692e.

21. A frightened Plaintiff called Tom back.

22. Tom told Plaintiff he had "pissed him off" and now had his entire staff working on Plaintiff's account.

23. Tom then demanded $4,200.00 immediately and indicated he would otherwise immediately take Plaintiff's assets.

24. Tom then said that it was *Christmas* and he would "allow" Plaintiff to pay $1,400.00.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

25. Plaintiff had already paid $1,800.00 towards this account and had received no credit for it.

26. The serial calls to Angela's phone, above Plaintiff's repeated protests, were made in violation of FDCPA §§ 1692c(b), 1692d and 1692d(5).

27. Defendant's continued phone contacts to Plaintiffs, at times and at a place known to be inconvenient to Plaintiffs, were made in violation of FDCPA § 1692c(a)(1). Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

28. The Defendant's immediate and repeated recalls to Plaintiffs constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994), Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (1981), Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

29. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiffs.

30. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiffs.

31. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiffs have suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

and suffering, and emotional distress, for which Plaintiffs should be compensated in an amount to be proven at trial.

32. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiffs are entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

33. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e, 1692f, and 1692g.

34. Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

35. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

36. Plaintiffs are entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

JURY DEMANDED

Plaintiffs hereby demand trial by a jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, NV  89102
Attorney for Plaintiffs

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700